**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

APR 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WALTER SHANE LANGSTON, | No. 12-17741 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01625-JAM-JFM |
| v. | |
| JOSEPH ORR, Superior Court Judge, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted April 7, 2014[**]

Before:     TASHIMA, GRABER, and IKUTA, Circuit Judges.

California state prisoner Walter Shane Langston appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging due

process violations arising from his state court criminal action over which defendant

Judge Orr presided.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

novo. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We affirm.

The district court properly dismissed Langston's claims for damages against Judge Orr in his official capacity as barred by the Eleventh Amendment. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007) (state officials sued for damages in their official capacities are entitled to Eleventh Amendment immunity).

The district court properly dismissed Langston's claims against Judge Orr in his individual capacity on the basis of judicial immunity because Langston failed to allege facts showing that Judge Orr took nonjudicial actions against him, or that Judge Orr's judicial actions were taken in complete absence of all jurisdiction. *See Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) (explaining that "[a] judge is not deprived of immunity because he takes actions which are in error . . . or are in excess of his authority[,]" and setting forth the two exceptions to judicial immunity); *Ashelman v. Pope*, 793 F.2d 1072, 1075-76, 78 (9th Cir. 1986) (setting forth the factors to consider when determining whether a given action is judicial in nature and concluding that judicial immunity is a defense so long as "the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction").

12-17741

Langston's reliance on Federal Rule of Civil Procedure 10 and Federal Rule of Criminal Procedure 11 is unpersuasive.

**AFFIRMED.**